## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

PLANNED PARENTHOOD
SOUTHEAST, INC.; and

FEMINIST WOMEN'S HEALTH
CENTER;

<em>Plaintiffs</em>,

Case No. 1:21-cv-117-JEB

v.

ALEX M. AZAR, II, in his official capacity
as the former Secretary of Health and
Human Services, et al.,

<em>Defendants</em>,

THE STATE OF GEORGIA,

[<em>Proposed</em>] <em>Intervenor-Defendant.</em>

## [PROPOSED] ANSWER

Intervenor-Defendant the State of Georgia for its Answer to Plaintiffs' Complaint states as follows using the same numbering as the Complaint:

1.      Intervenor-Defendant admits that the Patient Protection and Affordable Care Act ("ACA") was enacted in 2010 and establishes state healthcare exchanges and healthcare.gov where consumers may enroll in healthcare plans. Intervenor-Defendant denies the remainder of the paragraph.

2.      Intervenor-Defendant denies the first sentence of this paragraph and admits the second sentence of the paragraph. The rest of this paragraph sets forth legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

3.      Intervenor-Defendant admits the federal Defendants approved its application on November 1, 2020. The rest of the allegations in this paragraph are denied.

4.      Denied.

5.      This paragraph sets forth legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

6.      Denied.

7.      Denied.

8.      Denied.

9.      Admitted.

10.     Admitted.

11.     Intervenor-Defendant lacks knowledge or information sufficient to form a belief as to the truth of the specific allegations made in this paragraph.

12.     Intervenor-Defendant lacks knowledge or information sufficient to form a belief as to the truth of the specific allegations made in this paragraph.

13.     Intervenor-Defendant lacks knowledge or information sufficient to form a belief as to the truth of the specific allegations made in this paragraph.

14.     Admitted.

15.     Admitted.

16.     Admitted.

17.     Admitted.

18.     Admitted.

19.     Admitted.

20.     Admitted.

21.     Admitted.

22.     The cited cases speak for themselves. This paragraph also sets forth legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

23.     The cited statute speaks for itself. This paragraph also sets forth legal conclusions to which no response is required.  To the extent a response is required to the rest of the paragraph, the allegations are denied.

24.     Intervenor-Defendant lacks knowledge or information sufficient to form a belief as to the truth of the specific allegations made in this paragraph.

25.     The cited cases and statutes speak for themselves. This paragraph also sets forth legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

26.     This paragraph sets forth legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

27.     The cited cases and statutes speak for themselves. This paragraph also sets forth legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

28.     Intervenor-Defendant admits the first sentence of this paragraph. Intervenor-Defendant otherwise lacks knowledge or information sufficient to form a belief as to the truth of the specific allegations made in this paragraph.

29.     The cited authorities speak for themselves as to how they describe the Exchanges. To the extent a response is required to this paragraph, the allegations are denied.

30.     The cited documents speak for themselves. To the extent a response is required to this paragraph, the allegations are denied.

31.     The cited documents speak for themselves. This paragraph also sets forth legal conclusions to which no response is required. To the extent a response is required to this paragraph, the allegations are denied.

32.     The cited documents speak for themselves. This paragraph also sets forth legal conclusions to which no response is required. To the extent a response is required to this paragraph, the allegations are denied.

33.     The cited CMS document speaks for itself. This paragraph also sets forth legal conclusions to which no response is required. To the extent a response is required to this paragraph, the allegations are denied.

34.     The cited CMS document speaks for itself. To the extent a response is required to this paragraph, the allegations are denied.

35.     The cited statutes and regulations speak for themselves. This paragraph also sets forth legal conclusions to which no response is required.

36.     The cited cases, statutes, and regulations speak for themselves. This paragraph also sets forth legal conclusions to which no response is required. Intervenor-Defendant lacks knowledge or information sufficient to form a belief as to the operation of exchanges in other States.

37.     Admitted.

38.     Intervenor-Defendant denies the first sentence of this paragraph and lacks knowledge or information sufficient to form a belief as to the truth of the other allegations made in this paragraph.

39.     Intervenor-Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph.

40.     Intervenor-Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph.

41.     Intervenor-Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph.

42.     Intervenor-Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph.

43.     Denied.

44.     This paragraph is denied insofar as it characterizes Georgia's Exchange as "functioning well" or "stabilizing" as of 2020.

45.     Intervenor-Defendant admits that the ACA remains a binding law. The rest of this paragraph is denied.

46.     Denied.

47.     The cited documents speak for themselves. To the extent a response is required, the allegations are denied.

48.     Denied.

49.     The cited Executive Order speaks for itself. This paragraph also sets forth legal conclusions to which no response is required. To the extent a response is required to the rest of the paragraph, the allegations are denied.

50.     The first and fourth sentences of this paragraph are denied. The authority cited in the second, third, and fifth sentences speaks for itself and sets forth legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

51.     The cited regulatory actions speak for themselves. Intervenor-Defendant denies the characterization of those actions in this paragraph.

52.     Denied.

53.     The cited statute speaks for itself. This paragraph also sets forth legal conclusions to which no response is required.

54.     The cited statute speaks for itself. This paragraph also sets forth legal conclusions to which no response is required.

55.     The cited statute speaks for itself. This paragraph also sets forth legal conclusions to which no response is required. Intervenor-Defendant lacks information sufficient to admit or deny the allegations about "collaboration" between Treasury and HHS.

56.     The cited statute speaks for itself. This paragraph also sets forth legal conclusions to which no response is required.

57.     The cited statute speaks for itself. This paragraph also sets forth legal conclusions to which no response is required.

58.     The cited statute and regulation speak for themselves. This paragraph also sets forth legal conclusions to which no response is required.

59.     The cited statute speaks for itself. This paragraph also sets forth legal conclusions to which no response is required.

60.     The cited statute speaks for itself. This paragraph also sets forth legal conclusions to which no response is required.

61.     The cited regulations speak for themselves. This paragraph also sets forth legal conclusions to which no response is required.

62.     The cited statute speaks for itself. This paragraph also sets forth legal conclusions to which no response is required.

63.     The cited regulations speak for themselves. This paragraph also sets forth legal conclusions to which no response is required.

64.     The cited statute speaks for itself. This paragraph also sets forth legal conclusions to which no response is required.

65.     The cited statute and regulations speak for themselves. This paragraph also sets forth legal conclusions to which no response is required.

66.     The cited statute and regulations speak for themselves. This paragraph also sets forth legal conclusions to which no response is required.

67.     The cited statute speaks for itself. This paragraph also sets forth legal conclusions to which no response is required.

68.     Intervenor-Defendant lacks knowledge or information sufficient to form a belief as to the truth of the specific allegations made in this paragraph regarding waivers in other states.

69.    The cited guidance document speaks for itself. This paragraph also sets forth legal conclusions to which no response is required.

70.    Intervenor-Defendant admits the first sentence of this paragraph. To the extent a response is required to the rest of the paragraph, the allegations are denied.

71.    The cited regulatory documents speak for themselves.

72.    The cited regulatory documents speak for themselves.

73.    The cited regulatory documents speak for themselves. The allegations in this paragraph are otherwise denied.

74.    This paragraph states legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

75.    The cited regulatory documents speak for themselves.

76.    The cited regulatory documents speak for themselves. Intervenor-Defendant denies Plaintiffs' characterization of those documents as "rush[ed]" or "undermin[ing] the ACA's fundamental goals."

77.    This paragraph is admitted insofar as Georgia has prepared four waiver applications consisting of two parts consisting of a reinsurance program and Georgia Access Model, and Georgia submitted three of the applications to CMS. This paragraph is otherwise denied.

78.    The cited waiver applications speak for themselves. The allegations in this paragraph are otherwise denied.

79.     Intervenor-Defendant denies the characterization that its prior application "received substantial public criticism" and that it "could not lawfully be approved." The paragraph is otherwise admitted.

80.     Admitted.

81.     Intervenor-Defendant denies the characterization of the comment period as "unreasonably short." The paragraph is otherwise admitted.

82.     Admitted.

83.     Admitted.

84.     The cited comments speak for themselves. Intervenor-Defendant denies Plaintiffs' characterizations of the comments.

85.     Intervenor-Defendant admits that it submitted the fourth iteration of its waiver application in response to comments it received during the comment period, though it was only the third version it submitted to CMS (Intervenor-Defendant did not submit its first iteration). The second sentence is admitted. Intervenor-Defendant lacks knowledge or information sufficient to form a belief as to the truth of the specific allegations made in the remainder of this paragraph.

86.     The cited application speaks for itself.

87.     The cited application speaks for itself.

88.     The cited application speaks for itself.

89.     Denied.

90.     The cited application speaks for itself.

91.     The cited application speaks for itself.

92. Intervenor-Defendant denies Plaintiffs' characterization in the first clause of the first sentence as the waiver being "extraordinary" or facing "public resistance." Intervenor-Defendant admits the remainder of the paragraph.

93. Admitted.

94. Admitted.

95. The cited waiver application and approval letter speak for themselves. This paragraph also contains legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

96. Denied.

97. Denied.

98. Denied.

99. Denied.

100. The waiver application speaks for itself. The allegations in this paragraph are otherwise denied.

101.  The waiver application speaks for itself. The allegations in this paragraph are otherwise denied.

102.  The waiver application speaks for itself. The allegations in this paragraph are otherwise denied.

103.  Denied.

104.  Denied.

105.  Denied.

106.  Denied.

107.    Denied.

108.    Denied.

109.    Denied.

110.    The waiver application and cited regulatory document speak for themselves. The allegations in this paragraph are otherwise denied.

111.    Denied.

112.    Denied.

113.    Denied.

114.    Denied.

115.    The waiver application speaks for itself. The allegations in this paragraph are otherwise denied.

116.    Denied.

117.    Denied.

118.    Denied.

119.    Denied.

120.    The approval letter speaks for itself. The allegations in this paragraph are otherwise denied.

121.    The guidance document speaks for itself. This paragraph also contains legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

122.    The guidance document speaks for itself. This paragraph also contains legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

123.    Denied.

124.    Denied.

125.    The approval letter speaks for itself. This paragraph also contains legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

126.    Denied.

127.    Denied.

128.    Denied.

129.    Denied.

130.    Denied.

131.    Denied.

132.    Denied.

133.    The cited statute speaks for itself. This paragraph also contains legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

134.    The cited statute speaks for itself. This paragraph also contains legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

135.    The cited statutes and regulations speak for themselves. This paragraph also contains legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

136.    The cited statutes speak for themselves. This paragraph also contains legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

137.    The cited statutes speak for themselves. This paragraph also contains legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

138.    The cited statutes speak for themselves. This paragraph also contains legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

139.    Denied.

140.    The cited statutes and regulations speak for themselves. This paragraph also contains legal conclusions to which no response is required.

141.    Intervenor-Defendant denies Plaintiffs' characterization of the comment period as inadequate. Intervenor-Defendant lacks knowledge or information sufficient to form a belief as to the truth of the specific allegations in sentence three of this paragraph. Intervenor-Defendant denies the remainder of the allegations in this paragraph.

142.    Intervenor-Defendant admits the first sentence and denies the second sentence.

143.   Intervenor-Defendant denies the characterization as "troubling" and the suggestion that Georgia acted unlawfully.

144.   Denied.

145.   Denied.

146.   Denied.

147.   Intervenor-Defendant lacks knowledge or information sufficient to form a belief as to the truth of the specific allegations made in this paragraph.

148.   Intervenor-Defendant lacks knowledge or information sufficient to form a belief as to the truth of the specific allegations made in this paragraph.

149.   Denied.

150.   Intervenor-Defendant lacks knowledge or information sufficient to form a belief as to the truth of the specific allegations made in this paragraph.

151.   Intervenor-Defendant lacks knowledge or information sufficient to form a belief as to the truth of the specific allegations made in this paragraph.

152.   Intervenor-Defendant lacks knowledge or information sufficient to form a belief as to the truth of the specific allegations made in this paragraph.

153.   Denied.

154.   Intervenor-Defendant lacks knowledge or information sufficient to form a belief as to the truth of the specific allegations made in this paragraph.

155.   Denied.

156.   Intervenor-Defendant lacks knowledge or information sufficient to form a belief as to the truth of the specific allegations made in this paragraph.

157.    Intervenor-Defendant lacks knowledge or information sufficient to form a belief as to the truth of the specific allegations made in this paragraph.

158.    Intervenor-Defendant lacks knowledge or information sufficient to form a belief as to the truth of the specific allegations made in this paragraph.

159.    Intervenor-Defendant lacks knowledge or information sufficient to form a belief as to the truth of the specific allegations made in this paragraph.

160.    Intervenor-Defendant lacks knowledge or information sufficient to form a belief as to the truth of the specific allegations made in this paragraph.

161.    Intervenor-Defendant lacks knowledge or information sufficient to form a belief as to the truth of the specific allegations made in this paragraph.

162.    Denied.

163.    Intervenor-Defendant lacks knowledge or information sufficient to form a belief as to the truth of the specific allegations made in the first three sentences of this paragraph. The remainder of the allegations in this paragraph are denied.

164.    Intervenor-Defendant lacks knowledge or information sufficient to form a belief as to the truth of the specific allegations made in this paragraph. The remainder of the allegations in this paragraph are denied.

165.    Denied.

166.    Denied.

167.    Intervenor-Defendant lacks knowledge or information sufficient to form a belief as to the truth of the specific allegations made in this paragraph.

168.     Intervenor-Defendant lacks knowledge or information sufficient to form a belief as to the truth of the specific allegations made in this paragraph.

169.     Intervenor-Defendant lacks knowledge or information sufficient to form a belief as to the truth of the specific allegations made in this paragraph.

170.     Intervenor-Defendant lacks knowledge or information sufficient to form a belief as to the truth of the specific allegations made in this paragraph.

171.     Intervenor-Defendant lacks knowledge or information sufficient to form a belief as to the truth of the specific allegations made in this paragraph.

172.     Intervenor-Defendant lacks knowledge or information sufficient to form a belief as to the truth of the specific allegations made in this paragraph.

173.     Intervenor-Defendant lacks knowledge or information sufficient to form a belief as to the truth of the specific allegations made in this paragraph.

174.     Intervenor-Defendant lacks knowledge or information sufficient to form a belief as to the truth of the specific allegations made in this paragraph.

175.     Intervenor-Defendant lacks knowledge or information sufficient to form a belief as to the truth of the specific allegations made in this paragraph.

176.     Denied.

177.     Denied.

178.     Denied.

179.     Denied.

180.     Denied.

181.    Intervenor-Defendant realleges and incorporates by reference all prior responses contained in the above paragraphs of this Answer and the paragraphs in the counts below as thought fully set forth herein.

182.    The cited statute speaks for itself.

183.    Denied.

184.    Denied.

185.    Intervenor-Defendant realleges and incorporates by reference all prior responses contained in the above paragraphs of this Answer and the paragraphs in the counts below as thought fully set forth herein.

186.    The cited statute speaks for itself.

187.    Denied.

188.    Denied.

189.    Intervenor-Defendant realleges and incorporates by reference all prior responses contained in the above paragraphs of this Answer and the paragraphs in the counts below as thought fully set forth herein.

190.    The cited statute speaks for itself.

191.    Denied.

192.    Denied.

193.    Intervenor-Defendant realleges and incorporates by reference all prior responses contained in the above paragraphs of this Answer and the paragraphs in the counts below as thought fully set forth herein.

194.    The cited statute speaks for itself.

195.    The cited case speaks for itself. Otherwise denied.

196.    Denied.

197.    Intervenor-Defendant realleges and incorporates by reference all prior responses contained in the above paragraphs of this Answer and the paragraphs in the counts below as thought fully set forth herein.

198.    The cited statute speaks for itself.

199.    Denied.

200.    Denied.

201.    Intervenor-Defendant realleges and incorporates by reference all prior responses contained in the above paragraphs of this Answer and the paragraphs in the counts below as thought fully set forth herein.

202.    The cited statute speaks for itself.

203.    Denied.

204.    Denied.

205.    Intervenor-Defendant realleges and incorporates by reference all prior responses contained in the above paragraphs of this Answer and the paragraphs in the counts below as thought fully set forth herein.

206.    The cited statute speaks for itself.

207.    Denied.

208.    Denied.

209.    Intervenor-Defendant realleges and incorporates by reference all prior responses contained in the above paragraphs of this Answer and the paragraphs in the counts below as thought fully set forth herein.

210.    The cited statute speaks for itself.

211.    Denied.

212.    Denied.

### AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief can be granted.

2. Plaintiffs' claims are not ripe.

3. Plaintiffs' alleged injuries are speculative.

4. Plaintiffs lack standing to seek the relief sought in the Complaint.

5. Plaintiffs have failed to name indispensable parties.

6. Certain of Plaintiffs' claims are not justiciable.

7. Plaintiffs' claims may be barred, in whole or in part, by waiver, estoppel, or consent.

8. Defendant pleads all applicable affirmative defenses allowed under Federal Rules of Civil Procedure 8 and 12.

9. Defendant reserves the right to supplement its affirmative defenses.

Dated: March 25, 2021

CHRIS CARR
*Attorney General of Georgia*
Andrew Pinson
*Solicitor General*
OFFICE OF THE GEORGIA ATTORNEY
GENERAL
40 Capitol Square SW
Atlanta, GA 30334
(404) 458-3409
apinson@law.ga.gov

Respectfully submitted,


 */s/ Jeffrey M. Harris*
Jeffrey M. Harris
Tyler R. Green
Bryan Weir
Daniel Shapiro
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Ste. 700
Arlington, VA 22209
(703) 243-9423